Richardson, J.,
delivered the opinion of the court:
The claimant, a citizen and resident of Washington, was summoned before the Judiciary Committee of the House of Representatives as a witness in an investigation which had been ordered by a resolution of the House. He attended and testified before the committee on three of the eight days in which it was engaged in the investigation, and he was frequently about the Capitol, and occasionally inquired of members when he ivas to be discharged ; but as the committee contemplated calling him again, he was not formally discharged until the end of one hundred and twenty-eight days. By a standing resolution of the House of Representatives, witnesses before committees are allowed fees at a fixed per diem rate.
The claimant presented to the committee a claim for per Mem fees during the whole period from the time he was summoned until he was discharged. The claim was rejected, and there was issued to him a certificate for three days only, at four dollars a day, or twelve dollars in all.- He now brings this action *542 to recover five hundred and twelve dollars for one hundred and twenty-eight days’ attendance, which he alleges accrued to him from the United States upon an implied contract.
When persons are summoned by private parties for their own purposes before courts and tribunals, they are not obliged to attend unless first paid or tendered their reasonable compensation according to the statute where witness fees are regulated by law, of according to the general rules for measuring the value of such services where no statute provision is made therefor. If they voluntarily waive the right of prepayment and give their attendance, it has been repeatedly held that an implied contract arises, upon which an action may be maintained for recovery of the legal or proper fees by such witnesses from the parties at whose request they were summoned, in like manner as when any ordinary services are performed by one person at the request and for the benefit of another, (Gunnison v. Gunnison, 41 N. H., 121.)
But either House of Congress, in the discharge of the great powers and duties devolved upon it by the Constitution and as necessarily incident thereto, has the undoubted right to require the personal attendance before its committees, as a witness or otherwise, of any citizen of the country, to be paid or not according to its own will and pleasure. Attendance in such case is not by agreement, but is the voluntary or involuntary submission of a subject to a power of the government which must be obeyed and which cannot be resisted. There is no implied-agreement to pay fees or other compensation to persons thus required to give their time to the public service. Fees do not accrue in such case as upon contract. It is true that they are usually paid, but it is under and by virtue of the rules and practice of the Senate or House or by special acts authorizing the same.
In a work of authority on parliamentary law it is said: “In this country, when an investigation by witnesses takes place at the public expense, the witnesses are usually paid out of the contingent fund of the House by whose order the inquiry is undertaken, if it has any; otherwise, out of the public treasury, in virtue of an act passed for that purpose.” (Cushing’s Law and Practice of Legislative Assemblies, p. 404.)
There are provisions of statute for the payment of fees to witnesses summoned before a department (Rev. Stat., § 185), be *543 fore courts of law (Rev. Stat., §§ 848,1883), before officers taking testimony in contested-election cases (Rev. Stat., § 128), and before masters in chancery taking testimony to be used in cases of private claims before Congress (February 3,1879, cli. 40), but none for the pajonent of witnesses before committees of either House of Congress. It is understood to be the practice of the House, sanctioned by long usage, to pay out of its contingent fund the fees of witnesses before standing committees, but not ■ of those summoned by special committees. The latter are paid only in case there is a special appropriation for the expenses of such committee.
For the guidance of committees in drawing upon the contingent fund, or using the money appropriated for their expenses by special acts, there was a standing order fixing the rate of witness fees at $4 a day, which has recently been reduced to $3 a day. It is the duty of the committees themselves to tax the fees and make allowances under that order, and their action in the matter is conclusive.
This court has no jurisdiction to enforce the rules and orders of the Houses of Congress, and it would be an unwarrantable interference with the functions of their committees for this court to review and revise their, allowance of witness fees, or to enforce payment for the same out of the public Treasury in a manner not in accordance with the rules and practice of the House.
The present claim is not “founded upon any law of Congress, or upon any regulation of an Executive Department, or upon any contract express or implied with the Government of the United States,” and is not referred to us by either house of Congress (Rev. Stat., § 1059); and the petition must be dismissed.
Drake, Ch. J., was absent when this case was heard, and took no part in the decision.